JULIUS E. GREFFET, Assignee, Plaintiff in Error, v.
WILLIAM F. GOESSLING, Defendant in Error.

### St. Louis Court of Appeals, November 28, 1899.

1. **Money Had and Received:** SUIT BY AN ASSIGNEE AGAINST A CRED-
ITOR: PETITION STATES NO CAUSE OF ACTION. A petition by an as-
signee for benefit of creditors against a creditor to recover money
obtained as the result of an action brought by him for his sole ben-
efit to set aside a fraudulent conveyance made by the assignee before
making the assignment, states no cause of action. The general
creditors have no equities or rights in their favor, enforcible against
the successful and diligent creditor.

2. ———: ———: HOLDER OF AN ALLOWED DEMAND: HIS RIGHTS. The
holder of an allowed demand against the assignee's estate can main-
tain an action to set aside a fraudulent conveyance, and for his sole
benefit. And any money secured by such action, he has a right
to appropriate to the payment of his claim regardless of the claims
of other creditors.

Appeal from the St. Louis City Circuit Court.—*Hon.
Daniel D. Fisher*, Judge.

AFFIRMED.

*M. Kinealy, Kinealy & Kinealy* for appellant.

(1) Had Mr. Goessling prosecuted his suit against Lees-
burg et al., mentioned in the petition in this cause, to a final
decree and collected any money under it he would have been
compelled to pay it over to the assignee for distribution
amongst the creditors of the estate of Leesburg & Werner.
3 Am. and Eng. Ency. of Law [2 Ed.], p. 134; City of St.
Louis v. O'Neil Lumber Co., 114 Mo. 74; Hyman v. Fisher,
11 Mo. App. 280. (2) Mr. Goessling declared a trust in
favor of the plaintiff in this cause, Jules E. Greffet, assignee,
in his petition in his suit against Leesburg et al., and there-

fore must account for the money which he collected in carrying out that trust. Williamson v. Yager, 91 Ky. 282; Pratt v. Ayer, 3 Chand. (Wis.) 286; McLaurie v. Partlow, 53 Ill. (340), 345, par. 1; Cottington v. Fletcher, 2 Atkyns, 156, par. 3, Hampton v. Spencer, 2 Ver. Ch. Reps. 288; Boyce v. Stanton, 83 Tenn. 346.    (3) Having voluntarily declared a trust, Mr. Goessling could not revoke it.    27 Am. and Eng. Ency. of Law, 310, cases cited on page 311.

*Lubke & Muench* and *Julius T. Muench* for defendant in error.

(1)    The assignment law of this state is neither in letter nor spirit a bankruptcy law.    Hargadine v. Henderson, 97 Mo. 375; Larrabee v. Franklin Bank, 114 Mo. 592.    (2) There is, therefore, nothing to prevent a creditor, even though his claim may have been allowed against the assigned estate, from attempting, by legal procedure, to subject such of the debtor's property as is not covered by the assignment, to the payment of any unpaid balance of such creditor's debt. Eppright v. Kaufmann, 78 Mo. 482; Johnson v. Blell, 61 Mo. App. 37.    (3)    The fact that the assignee, Greffet, failed to file an answer, and the other creditors of Leesburg & Werner refused to join in the action to reach the property transferred through Catherine Werner to John Sparks, precluded them from any interest in the outcome of the suit, and Goessling was not bound to prosecute the suit single handed for their benefit.    Johnson v. Blell, 61 Mo. App. 37; St. Louis v. O'Neill Lumber Co., 114 Mo. 74.

BIGGS, J.—This is an action for money had and received.    The plaintiff as the assignee of the insolvent firm of Leesburg and Werner, claims that in equity and good conscience he is entitled to the amount of money received by the defendant in the compromise of a certain case instituted by

the latter against Catherine Werner and John Sparks.

The following is the substance of the facts stated in the petition, to wit: In September, 1894, Leesburg and Werner assigned their property to plaintiff for the benefit of their creditors. The defendant was a creditor of the firm. He had his claim allowed by the assignee. Thereafter he instituted a suit in equity to set aside a sale of certain personal property made by Leesburg and Werner to Catherine Werner, and by her subsequently transferred to John Sparks. The sale was made a short time prior to the assignment. In that action it was claimed by defendant here that the conveyance of the property was without consideration, and that the sale was contrived to cheat and defraud the creditors of the firm. The plaintiff as assignee was made a defendant in the action, and Goessling expressed in the petition a willingness to share the results of the litigation with any creditors of the firm who might manifest an intention to assume with him the responsibilities of the law suit. Mrs. Werner and Sparks answered. The creditors did nothing. In 1897 the defendant accepted from Mrs. Werner or Sparks about $600, as a compromise, and thereupon the cause was dismissed. The plaintiff claims that in equity he is entitled to the money.

The circuit court sustained a demurrer to the petition, and the plaintiff having refused to plead further final judgment was entered on the demurrer, and the plaintiff has appealed.

Unquestionably the defendant had the right as the holder of an allowed demand against the firm to maintain an action to set aside the alleged fraudulent conveyance, and that he could do so either for his sole benefit, or for the benefit of other creditors holding like claims who might thereafter come in and take part in the prosecution of the suit. He adopted the latter course and presumably with the view of having the property turned over to plaintiff as assignee should the other creditors come in and the sale should be set aside,

he made the plaintiff a party defendant in the action, and by so doing the plaintiff now contends that the defendant created a trust in his favor, and was bound to account to him as assignee for whatever amount he realized from the litigation. We can not conceive how this position can be maintained. There was no warrant in law for making the plaintiff a defendant in the action to set aside the fraudulent transfer. He was neither a necessary, nor a proper party. If all of the creditors of the firm had come in and the sale had been set aside, the circuit court would have ordered the property sold for their benefit and the proceeds distributed directly to them. Under no circumstances could the property or the proceeds of the sale have become a part of the assigned assets. Therefore, there was no place for the plaintiff in that litigation, and he can not now claim any benefit on account of it.

Aside from the legal question involved the equities of the case favor the respondent. The other creditors failed to come in or to manifest a willingness to divide the cost of the litigation, which left the respondent free to make the best terms he could with his adversaries.

The judgment of the circuit court will be affirmed. All the judges concur.